Death Opinion
















IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,051






DONNIE LEE ROBERTS, JR., Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM POLK COUNTY






 Meyers, J., filed a dissenting opinion, in which Price and Johnson,
JJ., joined. 


O P I N I O N




 In point of error seven, the majority says that Cantu v. State, 939 S.W.2d 627 (Tex.
Crim. App. 1996), does not apply to appellant's situation. Because the evidence in
question was presented by the victim of an extraneous offense and because the testimony
related to the impact that offense had on her life, the majority concludes that it is not
victim-impact evidence. 

 I agree that this evidence is distinguishable from the evidence presented in Cantu.
The evidence relating to the extraneous offense in Cantu was presented by the victim's
mother whereas in this case, the evidence was presented by the victim of the extraneous
offense herself. And, in Cantu, the victim's mother testified about how the crime
impacted their family and about what kind of person the victim was, while here, the
victim of the extraneous offense testified about how the prior offense affected her own
life. We stated in Cantu:

 The danger of unfair prejudice to a defendant inherent in the introduction of
"victim impact" evidence with respect to a victim not named in the
indictment on which he is being tried is unacceptably high. The admission
of such evidence would open the door to admission of victim impact
evidence arising from any extraneous offense committed by a defendant.
Extraneous victim impact evidence, if anything, is more prejudicial than the
non-extraneous victim impact evidence found by this Court to be
inadmissible in Smith [v. State, 919 S.W.2d 96 (Tex. Crim. App. 1996)]. 
We hold that such evidence is irrelevant under Tex. R. Crim. Evid. 401 and
therefore irrelevant in the context of the special issues under Art. 37.071.


939 S.W.2d at 637. 

 In the case before us, the majority seems to imply that when the mother of a victim
of an extraneous offense testifies about the impact a crime had on her family, then that
testimony is inadmissible extraneous victim-impact evidence under Cantu. But, when the
victim herself testifies about how an extraneous offense affected her own life, it is
admissible. However, it should not matter who presented the evidence. Even if we
choose not to call evidence presented by the victim of an extraneous offense "victim-
impact evidence," the evidence is still equally prejudicial and should be inadmissible. 

 While the extraneous offense itself may have been admissible, the effect that the
extraneous offense had on the victim of that crime or her family was irrelevant to the
matter of future dangerousness. The majority should focus on the real issue in this case-
that the evidence is irrelevant and inadmissable-not whether it was "victim-impact
evidence" presented by the family of the victim. 

 Like the evidence in Cantu, this testimony regarding the impact of an extraneous
offense was unfairly prejudicial and was not relevant to the special issues. Because it was
not relevant to the sentence, the testimony was inadmissible under Rule of Evidence 402. 
And, unless we can determine beyond a reasonable doubt that the testimony did not
contribute to the death sentence, we cannot say that the presentation of this inadmissable
testimony was harmless. Therefore, I respectfully dissent.


 Meyers, J.



Filed: April 18, 2007

Publish